IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

WESLEY WAGNER                                                                                    PLAINTIFF

v.                                    Case No. 6:21-cv-06015

JOHN DOE OFFICER, Arkansas
Department of Corrections[1]                                                                    DEFENDANT

## ORDER

This is a civil rights action filed by Plaintiff Wesley Wagner pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I. BACKGROUND

Plaintiff filed his Complaint *pro se* on January 27, 2021. (ECF No. 1). The Complaint was provisionally filed prior to a determination regarding Plaintiff's status as a pauper and service of process. Plaintiff was directed to submit a complete *in forma pauperis* (IFP) application and an Amended Complaint by February 17, 2021. (ECF No. 2). The Court's Order states:

> In the Amended Complaint, Plaintiff must write short, plain statements telling the Court: the constitutional right Plaintiff believes was violated; the name of the Defendant who violated the right; exactly what the Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of the constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of that Defendant. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); Fed. R. Civ. P. 8. Plaintiff must repeat this process for each person he has named as a Defendant. Plaintiff is CAUTIONED that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. If he fails to do so, the allegations against that Defendant will be dismissed for failure to state a claim.

---

[1] Plaintiff named "Arkansas Department of Correction-John Doe" in his Amended Complaint. The Court has substituted "John Doe, Arkansas Department of Corrections" as the proper defendant in this case.

(ECF No. 2).

Although Plaintiff returned the Certificate of Inmate Account and Assets (ECF No. 5), Plaintiff did not return a complete IFP application or an Amended Complaint by February 17, 2021.  On March 1, 2021, an Order was entered giving Plaintiff until March 22, 2021 to show cause why this action should not be dismissed for failure to obey an order of the Court.  (ECF No. 6).  Following a Motion for Extension of Time, Plaintiff's time for filing an IFP application and an Amended Complaint was extended to March 29, 2021.  (ECF No. 9).

Plaintiff filed another application for IFP on March 26, 2021.  (ECF No. 11).  Plaintiff also filed an Amended Complaint on March 26, 2021.  (ECF  No. 10).  Plaintiff's application for IFP was granted on March 29, 2021.   (ECF No. 12).

Plaintiff is currently incarcerated in the Crawford County Detention Center as a result of a parole violation.  (ECF No. 10).  Plaintiff has named John Doe officer, Arkansas Department of Corrections ("ADC") as the only Defendant to this action.  (ECF No. 10, p. 2).  For his only claim, Plaintiff lists "June 2020" as the date of occurrence and states "I was placed in a cell at Malvern Unit with inmate that was positive with Covid-19."  (ECF No. 10, p. 4).  Plaintiff states that he is suing Defendant in both his official and individual capacities.  *Id*.  In a section which asks Plaintiff about his official capacity claim, and specifically asks that Plaintiff describe the custom or policy that he believes caused the constitutional violation, Plaintiff states "I was placed in cell with inmate Covid-19."  (ECF No. 10 at 6).  Plaintiff further states:  "I was at Malvern Unit I contacted Covid-19 I am in Crawford County Jail waiting to go to ADC I have proof at my residents."  (ECF No. 10 at 7).  Plaintiff is seeking compensatory damages as recovery for the alleged constitutional violation.  Plaintiff states: "I am requesting $75,000 in funding from long term effects of Covid-19." (ECF No. 10 at 7).

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

As set forth above, Plaintiff was given the opportunity to amend his Complaint. Further, he was explicitly directed "to write short, plain statements telling the Court: the constitutional right Plaintiff believes was violated; the name of the Defendant who violated the right; exactly what the Defendant did or failed to do; how the action or inaction of that Defendant is connected to the violation of the constitutional rights; and what specific injury Plaintiff suffered because of the misconduct of that Defendant." (ECF No. 2). Plaintiff was advised that he must affirmatively link the conduct of each named Defendant with the specific injury he suffered. He was further

advised that if he failed to do so, the allegations against that Defendant would be dismissed for failure to state a claim.

Plaintiff names only one Defendant to this action — a John Doe Officer with the ADC. The date related to his claim, "June 2020," is also vague. (ECF No. 10, p. 4). Plaintiff states that he was placed in a cell with an inmate positive for Covid-19 and that he eventually contracted Covid-19. Plaintiff does not link these alleged facts with the actions of John Doe and does not give enough information concerning the officer to identify him for service. Plaintiff also fails to allege that he contracted Covid-19 as a result of the few facts he does assert. Accordingly, Plaintiff has failed to assert sufficient facts to state a claim upon which relief may be granted regarding his individual capacity claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Further, Plaintiff has failed to allege a plausible official capacity claim against Defendant. Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Plaintiff's official capacity claim against Defendant is a claim against the Arkansas Department of Corrections.[2] *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010). The ADC is an agency of the State of Arkansas and as such Plaintiff's official capacity claim is the equivalent of a suit against the state. Claims against the state are barred by Eleventh Amendment immunity. *See Campbell v. Arkansas Department of Correction,* 155 F.3d 950, 962 (8th Cir.1998) (the ADC is entitled to sovereign immunity); *Morstad v. Dep't of Corr. & Rehab.,* 147 F.3d 741, 743-44 (8th Cir.1998) (Eleventh Amendment immunity bars § 1983 lawsuit against state agency or state official in official capacity even if state entity is the moving force behind deprivation of federal

---

[2] The Arkansas Department of Correction was reorganized in 2019 to become the Arkansas Department of Corrections. The new department is a cabinet level department within the Arkansas state government which includes the Division of Correction and the Division of Community Correction.

rights). Accordingly, the Court finds that official capacity claim should be dismissed because the ADC is not subject to suit under § 1983.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's Amended Complaint should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 24th day of May, 2021.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge